UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-815 |
| | § | (CIVIL ACTION NO. C-12-78) |
| JOSE ARISMENDY GUERRERO-SOTO | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE
OF APPEALABILITY**

On March 12, 2012, the Clerk's office received a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with his memorandum of law in support and his Affidavit from Defendant Jose Arismendy Guerrero-Soto (Guerrero-Soto). D.E. 35, 36, 36-1. The government filed its Motion to Dismiss, and Guerrero-Soto filed his opposition. D.E. 39, 46. For the reasons set forth in this Order, the Court denies Guerrero-Soto's motion to vacate and also denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

**A.    Criminal Offense**

Guerrero-Soto was arrested in August 2010 near the Kenedy West Foundation West Ranch in Kenedy County, Texas. D.E. 1. Guerrero-Soto was determined to be a citizen of the Dominican Republic who had previously been deported in 2009. Id.

**B.     Criminal Proceedings**

Guerrero-Soto was appointed counsel the day after his arrest. D.E. 3. He was indicted in late August 2010 and arraigned shortly thereafter. D.E. 6, 8, Minute Entry August 27, 2010. He pled guilty, without a plea agreement, to the charge of Illegal Reentry. D.E. 12.

At rearraignment, Guerrero-Soto was advised of the maximum punishment of up to twenty years imprisonment, supervised release up to three years, and potential fines and fees. D.E. 26 at 12-13.[1] The Court specifically advised Guerrero-Soto that his prior felony convictions, which included two drug trafficking crimes, could result in a 16 point enhancement to his offense level and affect his criminal history calculation. Id. at 13-15.[2] He testified that he

---

[1] The admonishment by the Court,

>    13 THE COURT: I'm going to go over with you the maximum
>    14 possible punishment that could be assessed against you for
>    15 entering a guilty plea here today, and that is imprisonment up
>    16 to 20 years, plus a fine of up to $250,000, up to three years
>    17 supervised release, and a $100 special assessment.
>                *       *       *       *
>    13 here today. Do you understand this, Mr. -- the full range of
>    14 possible punishments?
>    15 * * * * *
>    16 THE COURT: Mr. Guerrero?
>    17 THE DEFENDANT: Yes, ma'am.

Id.

[2]
>    19 THE COURT: Have you and your attorney talked about
>    20 how the advisory Sentencing Commission Guidelines might apply
>    21 in your case? In particular, two, the two components, one is
>    22 criminal history and one is offender characteristics, or
>    23 offense levels. Your criminal history is composed of -- the
>    24 higher either or both of these are, by the way, the higher your
>    25 sentence might be.
>    1 The criminal history is composed of prior
>    2 convictions, whether or not you were on supervision at the time
>    3 of the offense or within two years of release of custody at the
>    4 time of the offense. And your criminal history can also impact
>    5 your, the other level and count twice, the offense level, if
>    6 you've had a prior felony conviction. And that would increase
>    7 your offense levels 4 to 16 levels. Do you understand that and

understood. Id. at 15. He testified that it was his decision to plead guilty, that he had not been threatened, promised leniency, or promised a specific sentence. Id. at 12. Guerrero-Soto pled guilty and agreed with the facts recited by the government. Id. at 17-18. The Court advised Guerrero-Soto that his conviction would undoubtedly result in his deportation. Id. at 19.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Id. at ¶ 10. Probation considered that Guerrero-Soto's previous felony conviction for Assault and Battery with a Dangerous Weapon (ABDW) in Massachusetts constituted a crime of violence which enhanced his offense level by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Id. at ¶ 11. After credit for acceptance of responsibility, Guerrero-Soto's total offense level was 21. Id. at ¶ 19. Guerrero-Soto was convicted of two separate drug trafficking offenses for which he was sentenced in December 2008, to 2 years imprisonment with 1 year suspended, to run concurrently. Id. at ¶¶ 21, 23. In 2007, he was convicted of ABDW and misdemeanor resisting arrest. Guerrero-Soto was sentenced to probation on each count. In 2008, his probation was revoked and he was

---

8 have you discussed these concepts with your attorney?
9 * * * * *
10 THE COURT: Mr. Guerrero?
11 THE DEFENDANT: Yes, ma'am.
        *     *     *     *
25 THE COURT: Now, what does Mr. Guerrero have again?
1 MR. MILLER: Mr. Guerrero-Soto has a 2002 trafficking
2 in a controlled substance and a 2008 trafficking in heroin.
3 THE COURT: Okay. Is this correct, Mr. Guerrero?
4 THE DEFENDANT: Yes, ma'am.
5 THE COURT: Were both of those prior to your most
6 recent deportation?
7 THE DEFENDANT: Yes, ma'am.
8 THE COURT: Okay. If that turns out to be the exact
9 conviction, then that will increase your offense level 16
10 levels. Do you understand that, Mr. Guerrero?
11 THE DEFENDANT: Yes, ma'am.

sentenced to four months on each count. He was deported in September 2009. Id. at ¶ 22. In 2006, Guerrero-Soto was convicted of Forge/Misuse RMV Document and Possession/Use of False/Stolen RMV document. He was sentenced to probation on both to run concurrently in January 2008. His probation was revoked and he was sentenced to four months in jail on each count. Id. at ¶ 24. In November 2009, a probation violation warrant was issued as to the drug trafficking charges. Id. at ¶¶ 21-23. Guerrero-Soto's total criminal history points were 10, including two points because he was on probation on the drug trafficking charges at the time of his arrest in this case. Id. at ¶¶ 26-27. His criminal history category was V. Id. at ¶ 27. His guideline sentencing range was 70-87months. Id. at ¶ 49. No objections were filed to the PSR,

At sentencing, Guerrero-Soto acknowledged that he had the PSR for 35 days and discussed it with his attorney who answered his questions. At sentencing, Guerrero-Soto testified that he was satisfied with the advice and efforts of his attorney. D.E. 27 at 3. He testified there were no mistakes in the PSR. Id. at 4. The government recommended a sentence of 87 months. Defense counsel argued in favor of a downward departure on the grounds that Guerrero-Soto's criminal history was old, that the offenses occurred when he was a heroin addict, and he is no longer an addict. Id. at 4-5. Counsel also argued that when Guerrero-Soto traveled to the United States, he was abandoned in the brush for several days and was hospitalized after he was found by Border Patrol agents. Id. at 5. This Court sentenced him to 87 months imprisonment, 3 years supervised release, no fine, and a special assessment of $100. Id. at 7. In determining his sentence, the Court considered Guerrero-Soto's past criminal conduct. The Court informed him of his right to appeal. Id. at 8.

Guerrero-Soto timely appealed. D.E. 21. The Fifth Circuit Court of Appeals affirmed on October 12, 2011. D.E. 34. Guerrero-Soto then filed his motion pursuant to 28 U.S.C. § 2255, which is dated March 6, 2012. D.E. 35.

### III. MOVANT'S ALLEGATIONS

Guerrero-Soto complains that his counsel was ineffective on the grounds that counsel failed to, 1) object to the enhancement for a crime of violence, 2) object to his criminal history score, 3) seek a downward departure, or 4) argue mitigating circumstance. D.E. 36 at 3. Additionally, Guerrero-Soto argues that appellate counsel was ineffective for concluding that there was no nonfrivolous claim and for filing an Anders brief. Id. at 4. Guerrero-Soto argues that none of his prior convictions qualify as a crime of violence, particularly his assault with a dangerous weapon. Id. at 7-19. He further claims that counsel was ineffective for failing to object to his criminal history calculation which over scored his convictions for use of false documents and assault with a dangerous weapon. Id. at 26-27. He claims his criminal history calculation should have been six, not ten, which would have reduced his guideline sentencing range. Id. at 28. Guerrero-Soto claims that appellate counsel should have raised these sentencing errors on appeal to the Fifth Circuit. Id. at 30.

Finally, Guerrero-Soto claims that the Court was without jurisdiction to sentence him to 87 months because the statutory maximum sentence for violation of 8 U.S.C. § 1326(a) is two years. Id. at 39.

The government's response urges that this Court dismiss the motion on the grounds that Guerrero-Soto's enhancement was proper as was his criminal history calculation. D.E. 39 at 13-24. It further argues that the claim that this Court improperly sentenced Guerrero-Soto above the

two year maximum sentence is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

IV. ANALYSIS

A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

B.   **Standard for Claims of Ineffective Assistance of Counsel**

Generally, an ineffective assistance of counsel claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate

6

that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).³

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.    Claims of Ineffective Assistance of Counsel Regarding Enhancement**

Guerrero-Soto claims counsel was ineffective at sentencing because counsel did not object to the 16 point enhancement for conviction of a crime of violence. He also complains that appellate counsel failed to raise the issue of improper enhancement on appeal.

Guerrero-Soto was previously convicted of violation of the Massachusetts statute Assault with a Dangerous Weapon, G.L. c. 265, § 15A(b) (ABDW).⁴ Attached to the PSR were copies of the charging instrument, the Judgment and Sentence, Guerrero-Soto's waiver of rights, and Admission of Facts. D.E. 17. The complaint identified the offense "Assault by Dangerous Weapon c265 s15b."

---

³ The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

⁴         (b) Whoever commits an assault and battery upon another by means of a dangerous
          weapon shall be punished by imprisonment in the state prison for not more than 10 years
          or in the house of correction for not more than 2 ½ years, or by a fine of not more than
          $5,000, or by both such fine and imprisonment.
Id.

7

For enhancement of Illegal Reentry, a crime of violence is defined as one of several enumerated offenses, including aggravated assault,[5] or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, Application Notes 1(B)(iii); United States v. Flores-Gallo, 625 F.3d 819, 821 (5th Cir. 2010). To determine whether a state crime fits within a listed offense or requires use of force, this Court is required to follow the categorical approach described in Taylor v. United States, 495 U.S. 575, 577-78 (1990). United States v. Velasquez, 465 F.3d 633, 638 (5th Cir. 2006). The categorical approach requires the Court to consider only the statutory definition of the offense charged, rather than the defendant's actual conduct. Id. If an offense statute includes disjunctive statutory alternatives, the Court may consider the indictment, jury instructions, and other specified documents to determine which of the statutory alternatives a defendant's conviction satisfies. Id. (relying upon Shepherd v. United States, 544 U.S. 13, (2005)).[6] In this case, those documents specify that Guerrero-Soto pled guilty to § 15A(b). See D.E. 17.

---

[5] The enumerated offenses are,
> Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling . . . .

Id.

[6] We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

Id. at 26.

The Fifth Circuit has not determined whether the Massachusetts ABDW constitutes the enumerated crime of aggravated assault or is a crime that involves the use of force. The First Circuit has decided several cases in which it has determined that a violation of section 15A(b) requires use of force and constitutes a crime of violence. United States v. Earle, 488 F.3d 537, 547-48 (1st Cir. 2007) (defendant convicted of ABDW pursuant to § 15A(b), "The district court committed no error in applying the 16-level enhancement pursuant to U.S.S.G. § 2L1.2."); see also United States v. Hart, 674 F.3d 33, 40-41 (1st Cir. 2012) (determining ABDW qualifies as an ACCA predicate offense pursuant to U.S.S.G. § 2K2.1(a)(2));[7] United States v. Glover, 558 F.3d 71, 80-82 (1st Cir. 2009) ("we conclude that ABDW qualifies as a crime of violence" in determining propriety of U.S.S.G. § 2K2.1(a)(2)).

In making the determination that ABDW is a crime of violence, the Earle court followed the Taylor categorical approach. Earle, 488 F.3d at 547-48.

---

[7] A defendant convicted of a firearms offense may have his offense level increased if he has previously been convicted of a crime of violence pursuant to U.S.S.G. § 2K2.1(a). Crime of violence in § 2K2.1(a) is defined to have "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Application Notes 1, § 2K2.1.

> An offense may qualify as a crime of violence under Guidelines § 4B1. 2(a) in any one of three ways: The offense (1) is identified in the enumerated list of offenses; (2) "has as an element the use of force"; or (3) involves conduct that presents a serious potential risk of physical injury to another. To make this determination, we employ the categorical approach, *viz.*, we look to the elements of the offense and not the defendant's specific conduct. Because of the similarities between U.S.S.G. §§ 2L1. 2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably.

United States v. Moore, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).

> Subsection (b) set out the appropriate punishment for "[w]hoever commits assault and battery upon another by means of a dangerous weapon." Mass. Gen. Laws ch. 265, § 15A(b) (2000) (emphasis added). The statutory definition admits to no interpretation other than a crime that involves the use of physical force against another person. Id.; see also Commonwealth v. Ford, 424 Mass. 709, 677 N.E.2d 1149, 1151 (1997) (noting that, under § 15A, a defendant charged with assault and battery must have either used "intentional and unjustified ... force upon the person of another " or intentionally committed "a wanton or reckless act ... causing physical or bodily injury to another " (quoting Commonwealth v. Burno, 396 Mass. 622, 487 N.E.2d 1366, 1368-69 (1986)) (internal quotation marks omitted)).

Id. In the absence of binding authority and after considering the conclusions reached by the First Circuit, this Court concludes that conviction for assault with a dangerous weapon under Massachusetts law, § 15A(b) qualifies as a crime of violence. No objection by counsel would have been appropriate and no ineffective assistance of counsel is shown at sentencing or on appeal.

### D.     Others Claims of Ineffective Assistance of Counsel at Sentencing

Guerrero-Soto claims that counsel was additionally ineffective at sentencing because he failed to seek a downward departure or argue mitigating circumstances. Factually, Guerrero-Soto is mistaken. Counsel argued that Guerrero-Soto's criminal history was old and that he was no longer an addict. Counsel urged the Court to impose a sentence of 37 months, a significant downward departure. D.E. 27 at 4-6.

Guerrero-Soto does not state on what basis counsel should have sought a downward departure or argued mitigating circumstance. Guerrero-Soto's failure to state any factual basis for his claim that counsel should have argued sentencing differently renders his claims conclusory. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir.1989); see

also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim.").

Because Guerrero-Soto's claims that counsel failed to seek a downward departure and failed to argue mitigating circumstances are conclusory and contradicted by the record, his claim of ineffective assistance on those grounds are denied.

**E.     Criminal History Calculation**

Guerrero-Soto contends that because he received probated sentences for three of his prior convictions (two drug trafficking offenses and Possession/Use False Documents), the Probation Department should have scored those convictions at 1 point each, rather than 2 points. He further contends that appellate counsel should have raised the misscoring as an issue on appeal and that her failure to do so constituted ineffective assistance of counsel.

Probation used the 2009 Sentencing Guidelines Manual. Subsection 4A1.1 provides that any conviction for which the defendant received at least a 60 day sentence is scored at 2 points, unless the sentence was greater than 13 months. U.S.S.G. §§ 4A1.1(a) (b). For the drug trafficking charges, Guerrero-Soto was sentenced to 2 years, 1 of which was suspended. He was sentenced to more than 60 days and the convictions were properly assessed 2 points each. D.E. 14 at ¶¶ 21, 23.

For ABDW, although Guerrero-Soto was sentenced to probation, his probation was revoked and he served four months imprisonment. Id. at ¶ 23. Ordinarily, his sentence of probation would only qualify for 1 criminal history point, but because his probation was revoked and he was sentenced to four months in jail, the 2 points assessed by Probation are proper. See U.S.S.G. § 4A1.2(k)(1) ("In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term

of imprisonment imposed upon revocation."). The same calculation applies to Guerrero-Soto's Forgery and Possession/Use of False/Stolen RMV documents for which Guerrero-Soto was originally sentenced to probation, but was revoked and sentenced to four months in jail.

The Probation Department properly calculated Guerrero-Soto's criminal history points. Defense counsel had no basis to object at sentencing and appellate counsel had no basis to complain on appeal. No ineffective assistance of counsel is shown as to either.

**F.      Claim that Guerrero-Soto Was Sentenced Above the Statutory Maximum Penalty of Two years**

Guerrero-Soto was indicted for violating both § 1326(a) and § 1326(b). D.E. 6. He was sentenced to 78 months pursuant to § 1326(b). Id.

He complains that his indictment was improper and this Court was without jurisdiction to sentence him above the statutory maximum of two years stated in § 1326(a). D.E. 35 at 5, 36 at 40. He further claims that the government was required to give him notice, other than just the indictment, before he could be sentenced to more than two years.

Subsection 1326(a) states,

(a) In general
*Subject to subsection (b) of this section*, any alien who--

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Id. (emphasis added)

> Subsection 1326(b) states in pertinent part,
> *Notwithstanding subsection (a) of this section*, in the case of any alien described in such subsection--
>
>> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
>>
>> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both; . . . .

Id. (emphasis added).

"An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." Almendarez-Torres, 523 U.S. at 228 (internal citations omitted). The Court held, "we believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense." Id. Pursuant to this analysis, because (b) is a sentencing factor, the indictment need not specify the prior crime used for enhancement. Id. at 235. Additionally, the Court "reject[ed] petitioner's constitutional claim that his recidivism must be treated as an element of his offense." Id. at 247. Guerrero-Soto's claim is foreclosed by Almendarez-Torres.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Guerrero-Soto has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Guerrero-Soto is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Guerrero-Soto's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is DENIED. He is also denied a Certificate of Appealability.

SIGNED and ORDERED this 19th day of December, 2012.

_____
Janis Graham Jack
Senior United States District Judge